THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES C. HOOKS, Defendant-Appellant.

(No. 56416; )

First District (2nd Division)—July 31, 1973.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Mark C. Harms, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Charles C. Hooks, defendant, was found guilty after a jury trial of the offense of rape, in violation of section 11—1 of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, par. 11—1.) He was sentenced to a term of 10 to 15 years. On appeal, defendant argues that the trial court erred in admitting a statement of his into evidence because he had not been given proper warnings under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L.Ed. 694, 86 S.Ct. 1602, specifically the right to have appointed counsel present while he was being interrogated.

The defendant does not challenge the sufficiency of the evidence. The facts may be briefly summarized. On September 29, 1970, between 1:00 A.M. and 2:00 A.M., the complainant, a 50-year-old woman, on her way from work, exited a bus on Roosevelt Road and Pulaski Avenue in Chicago. While walking to a girlfriend's home, which was close by, after passing a tavern, three boys chased her and forced her into a nearby abandoned building. She testified that all three of the boys then forced her to have intercourse. with them. While she was in the building, two Chicago policemen entered the apartment and found the complainant sitting on the floor with her undergarments in her hand. She stated she had been raped. The defendant was found attempting to hide in a closet. A second alleged offender was found hiding on top of a roof on a nearby garage. The parties stipulated that if a micro-analyst for the Chicago Police Department Crime Laboratory was called, she would testify that she received a vaginal smear from the victim, and an examination revealed the presence of sperm.

The defendant (23 years old) testified that while standing outside of a tavern at Roosevelt and Lawndale Avenue, the complainant approached him and started a conversation; that she asked him to escort her down Lawndale Avenue, whereupon she took him into an apartment building, commenced to fondle him and thereafter voluntarily consented to the intercourse. However, the defendant, claiming the inability to have an erection, denied the act of intercourse. He also denied having said several things in a statement which he had made to police investigator

Porter during an investigative interview at a police station on the date of the incident.

On rebuttal, for impeachment purposes, the State called Chicago police investigator Porter who testified concerning the statement which defendant had made to him. The admissibility of this statement is the basis of this appeal.

The defendant's only issue before this court is that it was error to admit his statement into evidence at trial because he was not given his proper constitutional warnings under *Miranda v. Arizona*. Spontaneous statements, made by the defendant to the police officers, at the time of his arrest are not challenged.

Defendant's motion to suppress the statement, after a hearing, was denied. At the hearing Chicago police officer Jimmy Bryant testified that on September 29, 1970, at approximately 1:50 A.M., while working with his partner, Lamont Lee, he found the complainant and defendant in the first floor rear apartment at 1214 South Lawndale, Chicago, Illinois. The defendant was ordered out of a closet and immediately said, "The old lady is right." The defendant made no further statements in the presence of officer Bryant. After arresting the defendant, officer Bryant told the defendant:

> "* * * he had a right not to make a statement at that time, and anything he did say would be held against him, and if he made a statement he could have a lawyer present, and if he could not afford one we would provide one for him."

Lamont Lee, a Chicago police officer, testified at the motion hearing that he was with officer Bryant on September 29, 1970, and was present when the officer gave the defendant the following constitutional warnings:

> "[Y]ou have a right to remain silent, if you say anything it can be used against you in a court of law, you have a right to an attorney, .if you cannot have an attorney—cannot afford an attorney one will be provided by the Court."

Both Bryant and Lee testified the defendant stated he understood these rights.

Booker Porter, a Chicago police investigator, testified at the motion hearing that on September 29, 1970, while in a Chicago police station and interviewing the complainant, the defendant, who was also in the same room, suddenly said, "She's right. The old lady is right, man." Before the defendant could say anything else, investigator Porter stopped and told the defendant:

> "And I also told him that he had a right to remain silent, that he didn't have to answer any questions that I might ask him about

his arrest. I told him that he had the right to be advised by counsel, if he ever wanted to make any statement he had the right to be—have counsel present if he was to make a statement. If he couldn't afford to retain a lawyer, and that was the term I used, that the Court would appoint a lawyer for him. And also told him that if he wanted to tell me anything about it that whatever he said to me would and probably—could and probably would be used against him in court."

Defendant stated that he understood these rights. Defendant also stated, "I know more about my rights than you do."

After the complainant finished telling the investigator what had occurred, he again advised the defendant of his constitutional rights.

Thereupon, the defendant stated he had met the complainant in the Spotlight Tavern and she had agreed to go with him to the abandoned building. He had attempted to have sexual intercourse with her but was unable to get an erection. Two other men then came into the apartment and did have intercourse with the complainant.

The defendant did not testify at the hearing on his motion to suppress the statement. At the conclusion of the hearing, the trial court found there was no indication of force or coercion, that the *Miranda* warnings had been given, whereupon he denied the motion.

The defendant now argues that the above quoted warnings were insufficient to comply with the requirements of *Miranda* because the warnings in effect told the defendant that he would not be provided with counsel during the police station interrogation, but would have to wait until his court appearance before he could be provided with counsel. Even if we were to accept defendant's interpretation of the above quoted warnings a reversal would not be required.

The defendant's statement to investigator Porter was not used in the State's case in chief as evidence against him, but was used only in rebuttal for purposes of impeachment after the defendant had himself testified contrary to his prior statement and had denied making any such statement. At the trial defendant made no objection to this testimony. In *Harris v. New York* (1971), 401 U.S. 222, 28 L.Ed.2d 1, 91 S.Ct. 643, the Supreme Court held a statement taken from a defendant, although not admissible in evidence under *Miranda v. Arizona,* could nonetheless be used for impeachment of a defendant after he had taken the witness' stand and testified contrary to the content of his previous statement. In the case at bar, the defendant does not argue that his oral statement was coerced or involuntarily given. His only argument is that it failed to comply with the requirements of *Miranda.* Since the statement was not used in the State's case in chief as evidence against defendant, but was used only for purposes of impeachment, it was not neces-

sary that the statement comply with all of the requirements of *Miranda. People v. Moore* (1973), 54 Ill.2d 33, 294 N.E.2d 297.

Defendant relies upon *United States ex rel. Williams v. Twomey* (7th Cir. 1972), 467 F.2d 1248.[1] This case does not support defendant's present position since in the case at bar the defendant's statements were not used in the case in chief but were used only in rebuttal under the doctrine announced in *Harris.*

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.

---

[1] The United States Court of Appeals held contrary to our decision in *People v. Williams* (1st Dist. 1970), 131 Ill.App.2d 149, 264 N.E.2d 901, leave to appeal denied (1971), 45 Ill.2d 592.